IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DENNIS KOWALCZYK and<br>PEGGY KOWALCZYK,<br><br>  Plaintiffs,<br><br>v.<br><br>CLAUDIA THOSS, et al.,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:22-cv-130-RAH-CWB<br>)<br>)<br>)<br>) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

This action was filed *pro se* on March 14, 2022. (Doc. 1). Pursuant to 28 U.S.C § 636, United States District Judge R. Austin Huffaker, Jr. then made referral to the Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." (Doc. 4). Now pending for evaluation are a Motion for Default Judgment filed by Plaintiffs (Doc. 16) and two separate Motions to Dismiss filed on behalf of the various defendants (Docs. 18 & 21). For the reasons set forth below, it is the recommendation of the Magistrate Judge that the Motion for Default Judgment be denied and that the Motions to Dismiss be granted.

**I.   Procedural Background**

Plaintiffs filed the original Complaint to assert allegations relating to their domestic arrangement, their children, and their foster children. (Doc. 1). Named as defendants were the Houston County Department of Human Resources and three employees—Summers Merritt Bell (Supervisor for Adult Protective Services), Nereida Bundy (Case Worker for Adult Protective Services), and Claudia Thoss (Case Worker for Child Protective Services). (*Id*.). The record reflects that a Summons was issued to each of the defendants on March 29, 2022 and, along with

1

the Complaint, was mailed to each of the defendants at an address of 1605 Ross Clark Circle, Dothan, Alabama 36301.  (Doc. 7).

According to the record, the mailings to Houston County DHR and Bell were both returned undeliverable (Docs. 11 & 14) and the mailing to Bundy was signed for by "Alice Jackson" on April 28, 2022 (Doc. 12).  The record contains no information regarding whether the mailing was delivered to Thoss.  Nonetheless, the record reflects that Plaintiffs moved to amend the Complaint on April 6, 2022 (Doc. 8) and that an Amended Complaint was docketed on April 13, 2022 (Doc. 10).  An Alias Summons thereafter was issued and mailed to each defendant on May 2, 2022 at the same 1605 Ross Clark Circle address.  (Doc. 13).  "Jackson" executed receipts for all four mailings on May 4, 2022.  (Doc. 15).

On May 11, 2022, Plaintiffs filed a Motion for Default Judgment against all of the defendants.  (Doc. 16).  On May 19, 2022, counsel made a limited appearance on behalf of Bundy and Thoss (Doc. 17) for purposes of filing a Motion to Dismiss (Doc. 18).  On May 25, 2022, the same counsel made a limited appearance on behalf of Bell and Houston County DHR (Doc. 19) for purposes of filing a separate Motion to Dismiss (Doc. 21).  All of the defendants have argued against the entry of default.  (Docs. 18 & 24).

By Order dated November 10, 2022, Plaintiffs were directed to show cause as to why the Motion for Default Judgment should not be denied and why the Motions to Dismiss should not be granted.  (Doc. 25).  Plaintiffs were specifically cautioned "that a failure to show cause will be viewed as an acknowledgement that the Motion for Default Judgment is due to be denied and that the Motions to Dismiss are due to be granted." (*Id*.).   The Order was mailed to Plaintiffs' last address of record but was returned to the Clerk of Court marked "Moved left no address, unable to forward, return to sender."  *See* Docket Notation dated November 15, 2022.

**II.    Discussion**

    **A.    Motion for Default Judgment**

Generally, "[a] defendant must serve an answer: (i) within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A). The record reflects that the earliest potential date of service for any of the defendants would be April 28, 2022—the date upon which the mailing containing the original Summons and Complaint to Bundy was signed for by "Alice Jackson." (Doc. 12). The record further reflects that the earliest potential date of service for the remaining defendants would be May 4, 2022—the date upon which the mailings containing the Alias Summons and Amended Complaint to all defendants were signed for by "Jackson." (Doc. 15).

Although certain of the defendants have raised a challenge to the propriety of service, it is unnecessary for the court to speak to that issue for purposes of evaluating Plaintiffs' Motion for Default Judgment. Even using April 28, 2022 and May 4, 2022 as the relevant measuring dates, it is clear that all responsive pleadings were timely filed: the May 19, 2022 motion to dismiss (Doc. 18) by Bundy and Thoss was filed 21 days after the purported service date of April 28, 2022; and the May 25, 2022 motion to dismiss (Doc. 21) by Bell and Houston County DHR was filed within 21 days of the May 4, 2022 purported service date.

Because all of the defendants did in fact "plead or otherwise defend" within the prescribed period for doing so, Plaintiffs cannot satisfy the requirements for obtaining an entry of default under Rule 55 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55(a).

    **B.    Motions to Dismiss**

        **i. Houston County DHR and Bell**

As did the original Complaint, the Amended Complaint sets out four counts against the

defendants.  (Docs. 1 & 10).  Each of those counts purportedly arises under 42 U.S.C. § 1983 and involves the core allegation that the defendants engaged in actions that unlawfully interfered with Plaintiffs' family unit.  (Doc. 10 at ¶ 52).  All such conduct is alleged to have occurred during May 2018.  (Doc. 10 at ¶¶ 22-24).

The threshold problem for Plaintiffs is that their initial Complaint was not filed in this court until March 14, 2022.  (Doc. 1).  It is well-settled that "[a]ll constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citation omitted).  Because Plaintiffs' claims were brought in federal court sitting in Alabama, the relevant limitations period is two years.  *Id.* (citing Ala. Code § 6-2-38(l)); *see also Jones v. Preuit & Mauldin,* 876 F.2d 1480, 1483 (11th Cir.1989) (en banc).  Therefore, in order to have their claims heard, Plaintiffs were required to bring suit within two years from the date the limitations period began to run in May 2018, which Plaintiffs failed to do.  *Id*.

Ignoring momentarily the clear untimeliness of this action, the court will address the secondary issue of immunity.  The Eleventh Amendment to the United States Constitution prohibits any type of suit against a State.  *See* U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.").  Houston County DHR qualifies as an agency of the State of Alabama. *See Mitchell v. Davis*, 598 So. 2d 801, 806 (Ala. 1992); *Ex parte Franklin Cnty. Dep't of Human Res.,* 674 So.2d 1277, 1279 (Ala. 1996); *Ex parte Trawick*, 959 So. 2d 51, 55 (Ala. 2006). Moreover, Eleventh Amendment immunity also extends to State officials in their official capacities.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984) ("And,

as when the state itself is named as a defendant, a suit against state officials that is in fact a suit against a state is barred regardless of whether it seeks damages or injunctive relief."). Defendant Bell thus enjoys the same degree of immunity as Houston County DHR to the extent she has been named in her official capacity as an agent of Houston County DHR.

Although Bell would not be entitled to Eleventh Amendment immunity in her individual capacity, a review of the Amended Complaint does not reveal any factual allegations against Bell individually. The conduct at issue in the Amended Complaint is alleged to have been committed by Thoss and Bundy. (Doc. 10 at ¶¶ 24, 36-8, & 45). The only allegation made against Bell is that "[a]ll of the action[s] were done under the color of law in official capacity of Houston County Summer Merrit Bell." (*Id*. at ¶ 52). The court therefore finds that Plaintiffs have not stated a claim against Bell in her individual capacity and, as such, the court need not address whether Bell would be entitled to qualified immunity. *See, e.g., Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) ("It is well established that § 1983 claims may not be brought against supervisory officials on the basis of vicarious liability or respondeat superior.").

    ii. **Thoss and Bundy**

The record reflects that the original Summonses and the Alias Summonses were mailed to the 1605 Ross Clark Circle, Dothan, Alabama 36301 address where the Houston County DHR facility is located. (Doc. 7; *see also* Doc. 18-1). However, the return receipts for the mailings reflect that the original Summons to Bundy was signed for by an individual identified as "Alice Jackson" and that the Alias Summonses to both Thoss and Bundy were accepted by an individual identified as "Jackson." (Doc. 15 at p. 1). Bundy and Thoss have averred by motion that neither of them "is presently employed by the Houston County Department of Human Resources" (Doc. 18 at p. 3), and an affidavit executed by Houston County DHR Director

5

Leslie Kelly further avers that neither Thoss nor Bundy was an employee or resident at the Houston County DHR facility at the time any of the mailings were delivered. (Doc. 18-1 at p. 1). Such sworn testimony appears to support the argument that Thoss and Bundy were not properly served. *See Fuqua v. Turner*, 996 F.3d 1140, 1156 (11th Cir. 2021) ("After reviewing the return receipts, which indeed appear to have been signed by 'Mail Room,' we agree that [Plaintiff] did not serve the Agents through certified mail."); Fed. R. Civ. P. 4(e)(1) & Ala. R. Civ. P. 4(c)(1).

Rule 12(b)(5) permits a court to dismiss a case for insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). "Initially the defendant has the burden of challenging the sufficiency of service and 'must describe with specificity how the service of process failed to meet the procedural requirements of Fed. R. Civ. P. 4.'" *Fru Veg Mktg., Inc. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1181-82 (S.D. Fla. 2012) (citations omitted). The burden then shifts to the plaintiff to prove a prima facie case of proper service. *Id*. at 1182. If the plaintiff meets that burden, "then the burden shift[s] back to the defendant to 'bring strong and convincing evidence of insufficient process.' 'The Court may look to affidavits, depositions, and oral testimony to resolve disputed questions on fact.'" *Id*. (citations omitted); *Metropolitan Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006) ("Facts as attested to in uncontroverted affidavits may be considered in ruling on a motion to dismiss under Rule 12(b)(5)."); 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed.). Here, Plaintiffs have not responded to the pending motion to dismiss or otherwise controverted the affidavits that were submitted in support of the motion. The result is that there is no evidence before the court to demonstrate that Plaintiffs perfected service on either Thoss or Bundy. Accordingly, their

motion to dismiss is due to be granted.[1]  *See Pardazi v. Cullman Med. Ctr.*, 896 F. 2d 1313, 1317 (11th Cir 1990) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.").

**III.    Conclusion**

For the reasons stated above, the Magistrate Judge RECOMMENDS that the Motion for Default Judgment (Doc. 16) be DENIED and that the Motions to Dismiss (Docs. 18 & 21) be GRANTED.

It is ORDERED that any objections to this Recommendation must be filed on or before December 22, 2022.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

---

[1] Having concluded that personal jurisdiction is lacking as to Thoss and Bundy, the undersigned pretermits any discussion of qualified immunity as to those defendants.  *See, e.g., Fuqua*, 996 F.3d at 1156 ("Because jurisdiction depends on sufficient service of process, the Court was without jurisdiction to determine whether the Agents were entitled to qualified immunity.").  However, the undersigned does note that the claims against Thoss and Bundy appear to suffer the same issue of untimeliness that has been addressed as part of Section 2.C.i. herein.

DONE this the 8th day of December 2022.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**